<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
:
MALIBU MEDIA LLC,           :
:
         Plaintiff,         :   Civil Action No. 14-5265  (FLW) (DEA)
:
v.                          :
:   **MEMORANDUM OPINION**
JOHN DOE SUBSCRIBER         :
ASSIGNED IP ADDRESS 69.142.20.239,   :
:
:
         Defendants.        :
_____:

<u>**ARPERT, Magistrate Judge.**</u>

      This matter comes before the Court on a motion by Plaintiff, Malibu Media LLC ("Plaintiff"), to strike Defendant's affirmative defenses. For the reasons below, Plaintiff's motion is denied.

      Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike, as a general matter, are highly disfavored. *Bristol-Myers Squibb Co. v. IVAX Corp.*, 77 F. Supp. 2d 606, 619 (D.N.J. 2000); *J & A Realty v. City of Asbury Par*k, 763 F. Supp. 85, 87 (D.N.J. 1991). As one commentator has noted, this is "because of their somewhat dilatory and often harassing character." 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1381 (3d ed.). Nevertheless, an appropriate motion may "save time and expense" by clearing away pleadings that "will not have any possible bearing on the outcome of the litigation." *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002).

"[T]he Third Circuit has instructed that a district court 'should not grant a motion to strike a defense unless the insufficiency of the defense is clearly apparent.'" *Newborn Bros. Co., Inc. v. Albion Eng'g Co.*, 299 F.R.D. 90, 93 (D.N.J. 2014) (quoting *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986)).  An affirmative defense is insufficient if "it is not recognized as a defense to the cause of action." *F.T.C. v. Hope Now Modifications, LLC*, No. 09-1204, 2011 WL 883202, at *2 (D.N.J. 2011) (*quoting Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J.1993)).  On the basis of the pleadings alone, "an affirmative defense can be stricken only if the defense asserted could not possibly prevent recovery under any pleaded or inferable set of facts." *Id.*

A court has "considerable discretion" in deciding a Rule 12(f) motion.  *Jones v. United States.*, No. 10-3502, 2012 WL 2340096, at *2 (D.N.J. June 18, 2012).  A motion to strike affirmative defenses will "usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Tonka Corp.*, 836 F. Supp. at 217.  Notably, "even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *See Hope Now Modifications,* No. 09-1204, 2011 WL 883202, at *1.

Plaintiff challenges the following affirmative defenses:  (1) failure to state a claim upon which relief can be granted; (2) non-infringement; (3) infringement was not caused by a volitional act attributable to Defendant; (4) failure to include indispensable party; (5) one satisfaction rule; (6) unclean hands; (7) misuse of copyright; (8) unconstitutionally excessive damages: (9) doctrine of *de minimis non curat lex*; (10) innocent infringement; (11) claims are barred by the Digital Millennium Copyright Act; (12) waiver; (13) license, consent,

acquiescence; (14) authorized use; (15) fair use; (16) failure to mitigate damages; and (17) the alleged download never completed.

In its motion, Plaintiff goes through each defense individually, arguing that each should be stricken. However, many of Plaintiff's arguments focus largely on the *merits* of the defenses, and not their *sufficiency*. For example, as to the First Affirmative Defense (failure to state a claim), Plaintiff spends four pages of its brief arguing that its Complaint adequately states a claim upon which relief can be granted. That is not, however, the question before the Court on this motion. Rather, the Court must evaluate whether the defense is one that is recognized as a defense to the cause of action and whether it can possibly prevent recovery under the facts pled. The defense of "failure to state a claim upon which relief can be granted" certainly meets this criteria. Another example is with respect to the Fourth Affirmative Defense (failure to join an indispensable party); Plaintiff argues that there "has been no failure to join an indispensable party" because any alleged joint tortfeasor is not indispensable. ECF No. 19-1 at 18-19. Plaintiff similarly takes issue with the Twelfth Affirmative Defense (waiver), arguing that the allegations with respect to the defense "are demonstrably false and made without any factual basis." *Id.* at 15. These arguments go to the merits of the defenses, not the sufficiency.

Furthermore, Plaintiff challenges a number of defenses as being inadequately pled. However, Federal Rule of Civil Procedure 8(c) requires only that Defendant affirmatively state a defense to the claims in the Complaint; the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which requires a party seeking relief to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" does not apply to affirmative defenses. *See Hope Now*

*Modifications,* No. 09-1204, 2011 WL 883202, at *3.  Thus, Plaintiff's arguments in that regard have no merit.

Finally, and perhaps most importantly, Plaintiff has not demonstrated that it will be prejudiced if these affirmative defenses are not stricken.  *See Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co.*, 820 F. Supp. 150, 154 (D. Del. 1992) (Even where a defense is insufficient, redundant, immaterial, impertinent, or scandalous, a motion to strike is disfavored unless the presence of that defense will prejudice the adverse party.); *Hope Now Modifications*, No. 09-1204, 2011 WL 883202, at *1 ("[A] motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party."); *see also* Wright & Miller, *supra* ("[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party.").  While the parties in this action will, of course, be entitled to seek discovery related to the affirmative defenses, none of the affirmative defenses are so unrelated to the basic facts of the case that they would allow Defendant to seek discovery beyond the scope of what is typically permitted.

In sum, the Court finds that Plaintiff has not established that the relief sought is warranted.  Plaintiff's motion to strike Defendant's affirmative defenses is denied.  An appropriate Order accompanies this Opinion.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge